

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:12-CR-49(2)** |
| | § | |
| **WHITNEY WILLOUGHBY** | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now its enters its recommendation that the District Court find the defendant, Whitney Willoughby, competent to proceed.

A. <u>Procedural Background and the Forensic Psychologist's Report</u>

On September 18, 2012, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant to determine her competency to stand trial. In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. § 4241, she is suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of

the proceedings against her or to assist properly in her defense.

The Court received notification from the warden of the Federal Medical Center, Carswell, in Fort Worth, Texas, that the clinical staff there had completed the mental health evaluation of Ms. Willoughby. Leslie Powers, Ph.D., forensic psychologist, and other members of the forensic staff reported their opinion that Ms. Willoughby is competent to proceed at this time and she is not suffering from a mental disease or defect which would renders her unable to understand the nature and consequences of the proceedings her or to assist properly in her own defense.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government. On December 12, 2012, the Court conducted a competency hearing to address the findings set forth in the psychological report. Neither party objected to the report or the examiner's findings.

B. Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychological examiners and the agreement of the parties, the undersigned United States Magistrate Judge recommends that the District Court find the defendant, Whitney Willoughby, competent to proceed pursuant to 18 U.S.C. § 4241.

C. Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and

(2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 13rd day of December, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE